UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM TANG,

      Plaintiff,

                              CASE NO. 06-CV-12624-DT
                              JUDGE SEAN F. COX
                              MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

HEKMAT HANNA PUTRUSS,
MARIA'S COLLECTION, INC. and
PAGEANTRY, TALENT &
ENTERTAINMENT SERVICES, INC.,

      Defendants.
                                        /

## **OPINION AND ORDER ADDRESSING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND TO STRIKE A PLEADING (Doc. Ent. 26)**

**I.    OPINION**

**A.    Background**

Plaintiff originally filed his complaint for copyright infringement on June 14, 2006, against defendants Hekmat Hanna Putruss ("Putruss"), Maria's Collection, Inc. ("MCI") and Pageantry, Talent & Entertainment Services, Inc. ("PTESI"). Doc. Ent. 1. On September 29, 2006, plaintiff filed an amended complaint. Doc. Ent. 12.

Defendants MCI and Putruss filed counterclaims against plaintiff on October 19, 2006, including (I) declaratory judgment that MCI is a joint author of the asserted copyright; (II) invalidity of the copyright registration VAu 666-698; (III) breach of contract and duty of good faith and fair dealing; (IV) tortious interference with a business relationship and (V) violation of Michigan Consumer Protection Act. Doc. Ent. 13. On October 20, 2006, defendant PTESI filed a cross-complaint for breach of contract and fraud and misrepresentation against Putruss and

MCI.  Doc. Ent. 15.  On November 7, 2006, plaintiff filed a reply to Putruss's and MCI's counterclaims.  Doc. Ent. 17.

On February 22, 2007, plaintiff filed a second amended complaint for copyright infringement.  Doc. Ent. 30.  On March 19, 2007, defendants MCI and Putruss filed counterclaims of (I) invalidity of the copyright registration VAu 666-698; (II) declaratory judgment that MCI is a joint author of the asserted copyright (in the event that this Court finds the copyright invalid); (III) accounting for profits under federal common law; (IV) breach of contract and duty of good faith and fair dealing; (V) tortious interference with a business relationship (Pageantry Magazine); (VI) tortious interference with a business relationship (John Kelvin); (VII) violation of Michigan Consumer Protection Act; (VIII) false advertising under the Lanham Act § 43(a); (IX) false advertising in violation of Mich. Comp. Laws §§ 445.356 and 750.33; (X) civil extortion; (XI) violation of 18 U.S.C. § 1962 ("Prohibited activities") and (XII) violation of Mich. Comp. Laws § 750.159 ("Emission need not be proved").  Doc. Ent. 33 at 8-23.

On April 2, 2007, PTESI filed a cross complaint against Putruss and MCI.  Doc. Ent. 40.  However, on June 1, 2007, Judge Cox entered a stipulation and order dismissing without prejudice defendant PTESI's claims against Putruss and MCI.  Doc. Ent. 65.

**B.     The Instant Motion**

On December 1, 2006, between the filing of the first and second amended complaints, plaintiff served interrogatories on defendant MCI.  Doc. Ent. 26 at 2.  Defendant MCI served its answers on January 4, 2007.  Doc. Ent. 26 at 3.  On January 22, 2007, plaintiff's counsel and counsel for defendant MCI conferenced regarding alleged deficiencies in the answers.  Doc. Ent. 26 at 1.

At this meeting, defendant MCI acknowledged that "the present responses were up to date[.]" Doc. Ent. 29 at 3. Defendant MCI claims that it "produced all advertising material available to Defendant and in Defendant's possession relating to the August 7, 2005 photo shoot at the Lathrup Village offices of [MCI]." Doc. Ent. 29 at 4.

Currently pending before the Court is plaintiff's January 24, 2007 motion to compel discovery and to strike pleading. Doc. Ent. 26.[1] Plaintiff is "seeking statutory damages for each photo image used by [MCI] in an infringing manner, or in the alternative is seeking an accounting of [MCI's] profits realized from the infringement of each photo." According to plaintiff, "it is a critical fact as to how many photo images were infringed, as the statutory damages are provided for each copyrighted work infringed. The dates and manner of use are important as to other potential issues, such as whether a particular use was an act of infringement." Doc. Ent. 26 at 2.

Judge Cox has referred this motion to me for hearing and determination. Doc. Ent. 27. On February 7, 2007, defendant MCI filed a response. Doc. Ent. 29. A hearing on the motion to compel was held on February 12, 2007, at which attorneys John R. Benefiel (plaintiff's counsel) and Hattem A. Beydoun (defense counsel) were present.

On May 23, 2007, the Court, via electronic mail, contacted counsel for the parties regarding the status of the instant motion. The Court received a response from plaintiff's counsel on May 28, 2007. The Court also received a response from defense counsel on May 29, 2007. On June 12, 2007, the Court again electronically mailed counsel for the parties. On the same day, defense counsel communicated, "it appears that Plaintiff has a single issue remaining:

---

[1]Also pending before the Court are various dispositive motions.

the identification of a web designer . . . [d]efendants are in the process of attempting to obtain the full name of this . . . person [for] [p]laintiff."

Three days later, on June 15, 2007, the transcript of this hearing was filed with the Court. Doc. Ent. 75. No order resolving the motion has yet been entered.

**C.     Plaintiff's January 24, 2007 motion is denied in part, granted in part and deemed withdrawn in part to the extent it seeks further responses to the December 1, 2006 interrogatory Nos. 2, 3, 4, 9 and 11. Furthermore, defendant's request regarding the identification of third party witnesses is deemed withdrawn.**

Plaintiff seeks an order "compelling answers to certain Interrogatories in Plaintiff's First Set of Interrogatories served on Defendants Hekmat Putruss and Maria's Collection, Inc. on Dec. 1, 2006[.]" Doc. Ent. 26 at 1. Specifically, plaintiff takes issue with defendant MCI's January 4, 2007 responses to interrogatory numbers 2, 3, 4, 9 and 11.

Defendant MCI argues, with reference to Interrogatory Nos. 2 and 3, that "[p]laintiff's interrogatories violate Fed. R. Civ. P. 33(a), as a party cannot serve more than twenty-five interrogatories upon another party[.]" Doc. Ent. 29 at 5-6. Furthermore, with reference to Interrogatory No. 4, defendant MCI argues that "[p]laintiff's motion to strike defendant's counterclaims is unjustified and untimely[.]" Doc. Ent. 29 at 6-7. Finally, defendant MCI argues that Interrogatory Nos. 9 and 11 have been adequately answered. Doc. Ent. 29 at 7.

On April 26, 2007, I conducted a telephone conference with counsel for the parties, after which I entered an order granting plaintiff's April 26, 2007 motion to withdraw his motions to impose sanctions and to reset hearing date (Doc. Ent. 51), deeming withdrawn plaintiff's March 22, 2007 motion for imposition of sanctions on defendants Putruss and MCI (Doc. Ent. 34) and deeming withdrawn plaintiff's April 22, 2007 motion for resetting hearing date and time for filing plaintiff's reply (Doc. Ent. 50). Doc. Ent. 52.

**a.     Interrogatory No. 2** states, "[d]escribe completely each use by [d]efendant [MCI] of each photo taken at the photo shoot of Aug. 7, 2005, including display at trade shows, imprinted reproductions, mailings, posters, advertisements, website displays, etc., giving the first dates of each such use described, with the photos each identified by the electronic file number used on the DVD record created by [p]laintiff Tang."  In response, defendant MCI specifically identified three publications, as well as MCI's promotional material and website content.  Doc. Ent. 26 at 3.

Among defendant MCI's objections is the argument that Interrogatory No. 2 "constitutes more than a single interrogatory to be counted toward the twenty-five (25) interrogatory limit embodied in Fed. R. Civ. P. 33[.]" Doc. Ent. 26 at 3.  *See also* Doc. Ent. 29 at 5-6.[2]  Plaintiff opposes this characterization of the interrogatory, as "there are no 'discrete' subparts[.]" In the event the Court disagrees, plaintiff seeks leave to exceed the limitation imposed by Fed. R. Civ. P. 33, because "answering this Interrogatory is the most expeditious and practical manner of eliciting this information which is a central fact in this litigation.  Plaintiff argues that defendant MCI's suggestion that the information be elicited by deposition "is a much more costly and time consuming manner of developing this information and would cause a delay in obtaining this information." Doc .Ent. 26 at 4.  Plaintiff further claims that MCI's answer "does not provide the details asked for, i.e. the dates of use, manner of use, etc in order to completely describe the same." Doc. Ent. 26 at 5.

As stated at the hearing, with respect to the information sought by interrogatory No. 2

---

[2]In support of its position, defendant MCI cites *Collaboration Properties, Inc. v. Polycom, Inc.*, 224 F.R.D. 473, 475 (N. D. Ca. 2004).  Doc. Ent. 29 at 6.

(regarding the 683 photo images), I conclude that it will be better if counsel proceeds by way of a Fed. R. Civ. P. 30(b)(6) deposition. Plaintiff's counsel will have the right to ask for a further written response to interrogatory No. 2 if the testimony given at the Rule 30(b)(6) deposition does not satisfactorily provide the information sought. Doc. Ent. 75 at 22.[3]

**b.     Interrogatory No. 3** states "[i]dentify each third party entity involved or participating in each of defendant [MCI's] uses of the photos described in answers to Interrogatory 2, describing . . . the manner of participation or involvement of any third party entity in that use." In its answer, defendant MCI specifically identified three publications. Doc. Ent. 26 at 5. Plaintiff argues in part that "the printer of any promotional material should be identified, other advertisers, customers receiving mailings, etc. from the Defendant [MCI], so that Plaintiff can determine if there are other parties who are infringers." Doc. Ent. 26 at 6.

As stated at the hearing with regard to the request to have the printer of any promotional material identified and other advertisers, customers receiving mailings from defendant MCI, the discovery should be furnished at such time as defendant MCI has it. Doc. Ent. 75 at 24-25. Plaintiff will have ten (10) days after receipt of third-party identification, during the course of discovery,[4] to add parties to this case (amending the January 31, 2007 deadline).[5] Doc. Ent. 75 at

---

[3]In light of my ruling, I do not address the issue of defendant MCI's refusal "to use [p]laintiff's own identification reference numbers to identify the photos that were allegedly used." Doc. Ent. 26 at 4, Doc. Ent. 29 at 6. I assume, as defendant MCI suggested in its response brief, that at the deposition the photographs were "labeled by a court reporter ensuring the integrity and authenticity of the exhibits[,]" or that plaintiff's counsel "look[ed] at Defendant's [already provided] advertisements himself and match[ed] them up with his own reference numbers." Doc. Ent. 29 at 6.

[4]In plaintiff's motion, he stated that the period to add parties to the case was "set to expire on <u>January 31, 2007</u>." Doc. Ent. 26 at 6. At the February 12, 2007 hearing, plaintiff's counsel stated that "the period for adding parties to the complaint has . . . gone by[.]" Doc. Ent.

6

25, 27.

Plaintiff's counsel's May 28, 2007, electronic mail states that the Fed. R. Civ. P. 30(b)(6) depositions took place on April 4, 2007, and April 20, 2007. According to plaintiff's counsel, "[t]he identity of a web designer who used the photos to create a web site for Defendant [MCI] was sought, but the designated witness could not remember his name or any other information required by the interrogatories as to that person. The Court is requested to issue such an order now." Defense counsel's May 29, 2007, electronic mail stated that "the issues brought forth by Plaintiff during the hearing have been resolved." Defense counsel's June 12, 2007, electronic mail stated: "[i]t appears that Plaintiff has a single issue remaining: the identification of a web designer. . . . Defendants are in the process of attempting to obtain the full name of this . . . person to Plaintiff." Therefore, the Court assumes this post-hearing issue has been resolved by the parties.

**c.** **Interrogatory No. 4** requests that defendant MCI "[i]dentify each photo by file number alleged to be too provocative in paragraph 15 of Counterplaintiff Maria's Collection, Inc. and Putruss' [October 19, 2006] counterclaims." Doc. Ent. 26 at 6. Defendant MCI objects to this

---

75 at 23. It does not appear that the docket contains the document which established this deadline.

[5]On November 30, 2006, defendant Putruss and MCI filed a motion for a more definite statement as to plaintiff's November 7, 2006 counterclaim. Doc. Ent. 21. During the February 12, 2007, hearing, the parties acknowledged an order to amend the complaint. Doc. Ent. 75 at 25. This order does not appear to be on the docket. Allegedly, the order did not address the issue of adding parties and concerned a specific claim that was to be added. Doc. Ent. 75 at 25-26. On February 22, 2007, Judge Cox held a motion hearing. The parties resolved the issue, and plaintiff was to file an amended complaint. Plaintiff filed a second amended complaint the same day. Doc. Ent. 30. As stated at the hearing, plaintiff shall have ten days from the date that it receives the identification of any third parties during the course of discovery to add party defendants. Doc. Ent. 75 at 26-27.

interrogatory, in part, because it "does not clearly specify or explicitly delineate or define the inherently subjective phrase 'too provocative'." However, defendant MCI states that "at least a portion of the photographs asserted by the Plaintiff contain visual images and depictions of the exposed breasts of the female models[;]" mentions that it plans "to determine the legality of he photographs in question[;]" and states that it will "supplement the response to this Interrogatory under Fed. R. Civ. P. 26(e), as needed.'" Doc. Ent. 26 at 6.

Defendant MCI responds that it "has provided a copy of the image identified by [d]efendant [MCI] in its Counter Complaint identified to be provocative." Because the model's age had not been determined, defendant MCI did not wish to file the photograph with the Court. Furthermore, defendant MCI contends, plaintiff was in possession of the image before discovery began, because it came from his DVD. Defendant MCI further responds that the motion is untimely under Fed. R. Civ. P. 12(f) and claims that plaintiff "has waived his right to strike by filing [his November 7, 2006] response to the Counter Claims[.]" Doc. Ent. 29 at 7.

In a February 7, 2007 affidavit, Putruss stated, "I have no personal knowledge of precisely which of the six hundred eighty three (683) photo images alluded to by the Plaintiff may be deemed as 'too provocative' as described by Plaintiff's Interrogatory No. 4, and have no additional information to set forth or provide that was not already set forth in Defendant's Answer to Plaintiff's Interrogatories." Doc. Ent. 29-2 at 3 ¶ 8.

During the February 12, 2007 motion hearing, plaintiff's counsel admitted to receiving a single image at counsel's meeting (presumably the January 22, 2007, conference). Doc. Ent. 75 at 27-28. Plaintiff's counsel claimed this photograph was not included in defendant MCI's initial disclosures or in response to the interrogatory. Doc. Ent. 75 at 27-28. Plaintiff's counsel

sought for paragraph 15 "to be struck as – as untrue – demonstrably untrue, and as a discovery sanction for failure to produce" the photo and for letting the idea linger that there was a "really bad" photograph in existence. I set aside the issue of sanctions, and plaintiff's counsel admitted that plaintiff had obtained the discovery that he sought by Interrogatory Number Four. Doc. Ent. 75 at 29.

Defense counsel agreed that defendant MCI had furnished plaintiff with the discovery sought by Interrogatory Number Four. Doc. Ent. 75 at 29-30. After defense counsel's response that the photograph had always been in plaintiff's possession, Doc. Ent. 75 at 30, and plaintiff's counsel's argument that it had been unable to determine the photograph(s) referenced, Doc. Ent. 75 at 30-31, I stated that this might be the subject of the Fed. R. Civ. P. 30(b)(6) deposition, Doc. Ent. 75 at 32. If not, plaintiff's counsel may reapply to the Court for additional relief at a later date with respect to any further discovery warranted concerning Interrogatory No. 4. However, I noted that there had been at least some discovery furnished with regard to this interrogatory, and I did not see any further discovery that could be ordered at this time apart from the possible discovery that plaintiff would get through a Fed. R. Civ. P. 30(b)(6) deposition. Doc. Ent. 75 at 32.

**d.** **Interrogatory No. 9** requests that defendant MCI "[i]dentify each document known to Defendant [MCI] on which appears any one of the photos taken at the photo shoot of August 7, 2005." Defendant MCI's answer specifically identifies three uses. **Interrogatory No. 11** requests that defendant MCI "[i]dentify the person by whom the letter of Exhibit C attached to Defendant's [MCI] Answer was written and the manner in which it was written." Doc. Ent. 26

9

at 8.⁶  Defendant MCI's answer specifically states that "the letter set forth at Exhibit C to the Answer filed by [d]efendant [MCI] was written by Hekmat Putruss on August 12, 2005 in a timely and good faith effort to resolve and conclude any unresolved issues regarding payment and the allowable usage of the photographs now at issue in this litigation."  Doc. Ent. 26 at 9.

With regard to Interrogatory No. 9, plaintiff argues that defendant MCI "should be ordered to specifically identify each document in which one of the photos at issue appears."  Doc. Ent. 26 at 8.  With regard to Interrogatory No. 11, plaintiff argues that "[t]his interrogatory requires the disclosure of the manner in which the letter was written.  Defendant [MCI] should be ordered to provide an answer as to how the letter was written, i.e. by use of a typewriter, word processor, computer, etc. and at what location, etc."  Doc. Ent. 26 at 9.

During the February 12, 2007 hearing, plaintiff's counsel characterized Interrogatory No. 9 as an offshoot of Interrogatory No. 2, took issue with the sufficiency of defendant MCI's response to Interrogatory No. 9 and suggested that the additionally sought information could be addressed in a Rule 30(b)(6) deposition.  Doc. Ent. 75 at 36-38.  Also, plaintiff's counsel sought a further answer to Interrogatory No. 11.  Doc. Ent. 75 at 38.  Defense counsel argued that Interrogatory No. 11 did not clearly seek the medium on which the letter was composed.  Doc. Ent. 75 at 38-39.

To the extent the January 24, 2007 motion seeks further responses to interrogatories Nos. 9 and 11, it is deemed withdrawn.  In the April 9, 2007 response to plaintiff's March 22, 2007 motion for sanctions, defendants MCI and Putruss state that, during the February 12, 2007

---

⁶The August 12, 2005, letter is filed as Doc. Ent. 13-5 (Exhibit C to MCI and Putruss's October 19, 2006, answer) and as Doc. Ent. 33-5 (Exhibit C to MCI and Putruss's March 19, 2007 answer).

10

hearing, I directed plaintiff to take defendants' deposition "regarding any questions dealing with the use of the photographs that are the subject matter of this action." Doc. Ent. 46 at 2 ¶ 3.[7]

Furthermore, in plaintiff's April 22, 2007 motion for resetting hearing date and time for filing plaintiff's reply, plaintiff indicates that he has not yet deposed Joseph and Pierre Putruss, defendant Putruss' sons, and states that he "contemplates filing a motion to compel discovery which would be a renewal of his motion filed on January 24, 2007[,]" and requests that the Court hear both his motion for sanctions and his anticipated renewed motion to compel discovery on the same date. Doc. Ent. 50 at 1. On November 29, 2006, Judge Cox entered a scheduling order setting the discovery deadline for May 7, 2007 and the motion deadline for June 7, 2007. There are currently no other motions for discovery pending before the Court and, on June 7, 2007, four dispositive motions were filed: (1) plaintiff's motion for partial summary judgment (Doc. Ent. 69); (2) defendants MCI and Putruss's motion for summary judgment as to Count I for copyright infringement (Doc. Ent. 70); (3) defendants MCI and Putruss's motion for summary judgment as to damages (Doc. Ent. 71) and (4) defendant PTESI's motion for summary judgment (Doc. Ent. 72).

**e.** In defendant MCI's response, it raised the issue of identification of "the sources of [plaintiff's] putative allegations that Defendant has used the August 7, 2005 photo images in other media." Doc. Ent. 29 at 4-5. During the hearing, defense counsel sought the identification of third party witnesses providing information to plaintiff's counsel so that they could be deposed. Doc. Ent. 75 at 35. Plaintiff's counsel stated that he has "identified them to the best of

---

[7]I stated that Plaintiff's counsel should proceed to notice Rule 30(b)(6) depositions to obtain further information with regard to the six hundred and eighty-three photographs and perhaps some of the other items. Doc. Ent. 75 at 39-40.

11

[his] ability[,]" and "to the best of [his] ability . . . [he has] told them – passed on what information [he has]." Doc. Ent. 75 at 35-36. I then stated that I would prepare a written order with regard to the matters in the motion and in the response." Doc. Ent. 75 at 36.

With regard to this issue, it appears that defendant's request has been withdrawn. This issue was not mentioned in either the May 29, 2007, or June 12, 2007, electronic mails from defense counsel.

**D.** **Plaintiff's January 24, 2007 Motion is deemed moot to the extent it sought an order striking paragraphs 15, 46 and 47 of defendant MCI's October 19, 2006 counterclaim and a further answer to the December 1, 2006 interrogatory No. 5.**

**a.** In an extension of its argument regarding Interrogatory No. 4, plaintiff seeks an order striking "paragraphs 15, 46 and 47 of Defendant Maria's Collection Counterclaim[,]" filed October 19, 2006. Doc. Ent. 26 at 1. Paragraph 15, which is among the factual allegations, describes certain photographs as "too provocative." Doc. Ent. 13 at 9 ¶ 15. Paragraphs 46 and 48, which are among the breach of contract and duty of good faith and fair dealing claim paragraphs, describe certain photographs as "unusable and potentially illegal." Doc. Ent. 13 at 13 ¶¶ 46, 48.

Plaintiff alleges that defendant MCI "did not provide any identification of such alleged photo image in its mandatory disclosures under [Fed. R. Civ. P. 26(a)]." Nor, plaintiff alleges, did defendant MCI "produce or identify any such image either in its initial disclosures or in response to Interrogatory 5." Plaintiff notes that "[u]nder Rule 37(c) a failure to disclose such document in the initial disclosure prevents subsequent use as evidence." Specifically, plaintiff requests that the Court strike paragraphs 15, 46 and 47 and "order that no such further scandalous representations be made in this case." Doc. Ent. 26 at 7.

Defendant MCI contends that "[p]laintiff's allegations that [MCI] has violated Fed. R. Civ. P. 37(c)," "stem from anonymous allegations, and are not rooted in fact." Doc. Ent. 29 at 4-5.

**b.** During the February 12, 2007, hearing, plaintiff's counsel spoke with regard to plaintiff's request for the Court to strike certain paragraphs of the defendant's counterclaim and order that no such further scandalous representations be made in this case. Doc. Ent. 75 at 32. Paragraph 15 of the October 19, 2006, counterclaims states: "Several photographs taken by Tang were too provocative to be used by [MCI], as they depicted the models baring portions of their breasts, which, upon information and belief, would constitute sexually explicit material under applicable federal law." Doc. Ent. 13 at 9 ¶ 15. Paragraph 46 states: "Several of the photographs taken by Tang were unusual and potentially illegal for these purposes as they depicted models baring their breasts." Doc. Ent. 13 at 13 ¶ 46. Paragraph 48 also refers to "photograph*s*." Doc. Ent. 13 at 13 ¶ 48 (emphasis added). Plaintiff's counsel claimed that the characterization of the referenced pictures as "a plurality of models baring their breasts" was not borne out by one image produced. Doc. Ent. 75 at 32. Furthermore, he stated, this characterization implies intentional conduct by the models. Therefore, plaintiff's counsel argued, that characterization "should be struck from the pleadings." Doc. Ent. 75 at 32-33.

Plaintiff's counsel admitted that the period for striking scandalous subject matter had passed, noting that plaintiff was unable to file his motion until the basis of that claim was identified. Plaintiff argued that the "excessive statements should be struck from the pleadings as a . . . discovery sanction for failure to produce it or give it to [plaintiff's counsel]." Plaintiff's counsel argued that it would not necessarily have had to been produced - just identified. Doc.

13

Ent. 75 at 33. Furthermore, in the event defendants pursue this counterclaim or defense, plaintiff's counsel sought identification of the witness (presumably defendant's wife who has previously not been identified in response to the discovery request regarding the identity of persons at the photo shoot), who participated in fitting the gowns. Doc. Ent. 75 at 33-34.

Defense counsel argued that this issue was moot, because the second amended complaint and amended counterclaims were to be filed. Doc. Ent. 75 at 34. Defense counsel also added that it is not as if defendants withheld the documents - they were always in plaintiff's possession. Doc. Ent. 75 at 34-35.

**c.** Defendants MCI and Putruss filed counterclaims on October 19, 2006 and on March 19, 2007. Doc. Entries 13, 33 at 8-23. The instant motion was filed, and the hearing regarding it had taken place, before the March 19, 2007 counterclaims; therefore, plaintiff's January 24, 2007 motion is deemed moot to the extent it sought an order striking paragraphs 15, 46 and 47 of defendant MCI's October 19, 2006 counterclaims. This conclusion is buttressed by the fact that the March 19, 2007 counterclaims, filed more than one month after the hearing on the instant motion, include a counterclaim of breach of contract and duty of good faith and fair dealing; however, the six paragraphs supporting this counterclaim do not refer to "unusable and potentially illegal" photographs. Doc. Ent. 33 at 15 ¶¶ 53-58.

**d.** In light of the foregoing, I need not address plaintiff's alternative request that "[i]f the Court declines to strike [paragraphs 15, 46 and 47], Plaintiff requests that the Court order Defendant [MCI] to answer Interrogatory 5 fully." Doc. Ent. 26 at 7.

**II. ORDER**

In accordance with the foregoing, plaintiff's motion to compel discovery and to strike a

pleading (Doc. Ent. 26) is DENIED IN PART (Section I.C.a, I.C.c, ), GRANTED IN PART (Section I.C.b), DEEMED WITHDRAWN IN PART (Section I.C.d) & DEEMED MOOT IN PART (Section I.D.c, I.D.d).  Furthermore, defendant's request regarding the identification of third party witnesses (Section I.C.e) is DEEMED withdrawn.

>s/Paul J. Komives
>PAUL J. KOMIVES
>UNITED STATES MAGISTRATE JUDGE

Dated: 8/15/07

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on August 15, 2007.
>
> >s/Eddrey Butts
> >Case Manager