UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM TANG,

    Plaintiff,

v.                                                                              Case No. 06-12624
                                                                            Hon. Sean F. Cox

HEKMAT HANNA PUTRUSS, et al.,

    Defendants.
_____

**OPINION AND ORDER**

    This matter is before the Court on Plaintiff's Motion to dismiss Defendants Putruss and Maria's Collection's Counterclaims III and V-XII. The parties have briefed the issues. Pursuant to E.D.Mich. LR 7.1, the Court declines to hold a hearing. For the following reasons, the Court **GRANTS** Plaintiff's Motion to dismiss.

**I. BACKGROUND**

    This action arises out of alleged copyright infringement. Plaintiff, Sam Tang, is a photographer doing business as Tang Productions. Defendant Hekmat Putruss is the principal of Maria's Collection, Inc., which sells designer dresses and clothing throughout the United States. Defendant Pageantry publishes a trade magazine circulated in Michigan.

    On August 4, 2005, Plaintiff and Defendant Putruss met to discuss a photo shoot for Defendant Maria's Collection's new line of dresses. According to Plaintiff, each photo used by Defendant would show a credit to Plaintiff as the photographer. Plaintiff claims that as part of the agreement, Defendants would pay a deposit to Plaintiff up front, with the remaining balance

1

due when the images were delivered. Plaintiff alleges that after the balance was paid, he was going to issue a license for Defendants to publicly display his images. The parties allegedly agreed that Plaintiff would be paid $4000.00. Plaintiff was given a deposit of $2000.00

The photo shoot occurred on August 7, 2005. During the photo shoot, more images and dresses were used than originally anticipated. According to Plaintiff, the agreement provided for additional fees for the additional hours and dresses. Plaintiff told Defendant he owed him $5050.00.

Plaintiff sent his associates Norman Estigoy and Art Lokar to pick up the remaining balance and give the images to Defendants two days after the photo shoot. According to Plaintiff, Defendant Putruss refused to pay and forcibly took the images which were stored on DVD's. Defendant Putruss was charged with assault and battery against Lokar. He pled no contest.

Prior to filing a civil action, Plaintiff registered the photo images with the U.S. Copyright office, the registration became effective on August 18, 2005. Plaintiff asserts that Defendants publicly displayed his images, without credit to Plaintiff as the photographer. Allegedly, Plaintiff informed Defendant Pageantry that the images were not licensed to Defendant and could not be displayed. Nonetheless, Defendant Pageantry reproduced one of the copyrighted images in its Winter 2005 issue.

On June 14, 2006 Plaintiff filed a Complaint. A First Amended Complaint was filed on September 29, 2006, alleging copyright infringement. Defendants Putruss and Maria's Collection filed an Answer on October 19, 2006. An Amended Answer was filed March 19, 2007. Defendants Putruss and Maria's collection allege several counter claims seeking various

forms of relief: (1) declaratory judgment that the copyright registration is invalid; (2) declaratory judgment that Defendant's are a joint owner of any copyrights of the photo images if valid; (3) seeking an accounting of any profits derived from the copyrights; (4) breach of contract and duty of good faith and fair dealing; (5) tortious interference with a business relationship (Pageantry); (6) tortious interference with a business relationship (John Kelvin); (7) violation of the Michigan Consumer Protection Act; (8) false advertising under the Lanham Act; (9) false advertising in violation of Michigan law; (10) civil extortion; (11) violation of 18 U.S.C. § 1962; and (12) violation of MCL § 750.159.

## II. STANDARD OF REVIEW

"[A] complaint may be dismissed for failure to state a claim upon which relief can be granted. The court must construe the complaint in a light most favorable to the plaintiff, and accept all of [his] factual allegations as true. When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)(citation omitted). The plaintiff is not required to provide detailed factual allegations, but must "provide the grounds of his entitlement to relief" by offering more than "labels and conclusions." *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient to state a claim. *Id*. at 1965. The plaintiff is required to plead enough facts to state a claim to relief that is plausible on its face. *Id*. at 1974.

## III. ANALYSIS

On August 23, 2007, Defendants entered a notice voluntarily dismissing Counterclaims XI and XII. [Doc. 94]. Thus, the Counterclaims at issue in this Motion are III, V, VI, VII, VIII,

and X.

### A. Counterclaim III - Request for Accounting for Profits

Plaintiff asserts that Defendants fail to state a claim entitling them to an accounting of profits on the photo images because Plaintiff has not used the images outside of the instant litigation. Defendants respond that Plaintiff's denial of the use of the photos is not sufficient to support dismissal of their counterclaim.

Plaintiff is entitled to dismissal. Defendants allege they are joint owners of the copyrights. However, in ruling on cross-motions for summary judgment, this Court determined that Defendant Putruss is not a joint owner. Thus, Plaintiff is entitled to dismissal of Defendants' counterclaim for accounting of joint profits.

### B. Counterclaims V and VI - Tortious Interference with a Business Relationship

Plaintiff asserts that Defendants fail to state a claim for tortious interference with a business relationship regarding either Defendant Pageantry or John Kelvin.

"Under Michigan law, a plaintiff must establish the following elements to prevail on a tortious interference with a business relationship claim: (1) the existence of a valid business relation (not necessarily evidenced by an enforceable contract) or expectancy; (2) knowledge of the relationship or expectancy on the part of the defendant interferer; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resulting damage to the party whose relationship or expectancy has been disrupted. *Wausau Underwriters Ins. Co. v. Vulcan Development, Inc.*, 323 F.3d 396, 404 (6th Cir. 2003). "The third element requires more than just purposeful or knowing behavior on the part of the defendant." *Id*. "The plaintiff must also allege that the interference was either (1) a *per se* wrongful act or (2)

a lawful act done 'with malice and unjustified in law for the purpose of invading the contractual rights or business relationship of another.'" *Id*. (citation omitted). "Where the defendant's actions were motivated by legitimate business reasons, its actions would not constitute improper motive or interference." *Id*. (citation omitted).

In this case, Defendants do not allege that Plaintiff was motivated by anything other than a legitimate business reason. Defendants allege that Plaintiff contacted both Pageantry and John Kelvin to advise them that "Maria's Collection had breached its Agreement with Tang and was violating Tang's copyright." [Amended Answer, ¶¶62 and 72]. Without deciding the merits of Plaintiff's claims, Defendants' allegations indicate that Plaintiff was motivated by a legitimate business reason when he contacted Pageantry and Kelvin.

Accordingly, Plaintiff is entitled to dismissal for failure to state a claim of Counterclaims V and VI.

C. **Counterclaim VII - Violation of the Michigan Consumer Protection Act**

Defendants allege Plaintiff violated the Michigan Consumer Protection Act, MCL § 445.903(1)(n), which holds:

> (1) Unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful and are defined as follows:
> * * *
> (n) Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

Defendants claim under the Michigan Consumer Protection Act ("MCPA") must be dismissed because the transaction at issue involves goods for commercial use. The MCPA defines "trade or commerce" as "the conduct of a business providing goods, property or service primarily for personal, family, or household purposes..." MCL § 445.902(d). In *Zine v. Chrysler*

*Corporation*, 236 Mich.App. 261, 272-273 (Mich.App. 1999), the court held that the focus in determining whether trade or commerce is primarily personal, is on the use to which the goods would be put, rather than merely whether the consumer intends to use the goods himself. The court overruled precedent to the contrary and state that "if an item is purchased primarily for business or commercial rather than personal purposes, the MCPA does not supply protection." Id. at 273. See also *Computer Network, Inc. v. AM General Corporation*, 265 Mich.App. 309, 324 (Mich.App. 2005). The Michigan Supreme Court cited *Zine* with approval in *Slobin v. Henry Ford Health Care*, 469 Mich. 211, 216 (2003). The goods at issue in this case, i.e. the photo images taken by Plaintiff, are indisputably for commercial or business use.

Accordingly, Defendants' Counterclaim VII is dismissed.

**D.     Counterclaim VIII - False Advertising in Violation of the Lanham Act**

Defendants assert a claim against Plaintiff for violation of the Lanham Act. "To state a cause of action for misleading advertisement under the Lanham Act, a plaintiff must establish the following: 1) the defendant has made false or misleading statements of fact concerning his own product or another's; 2) the statement actually or tends to deceive a substantial portion of the intended audience; 3) the statement is material in that it will likely influence the deceived consumer's purchasing decisions; 4) the advertisements were introduced into interstate commerce; and 5) there is some causal link between the challenged statements and harm to the plaintiff." *American Council of Certified Podiatric Physicians and Surgeons v. American Board of Podiatric Surgery, Inc.*, 185 F.3d 606, 613 (6th Cir. 1999).

Defendants' claim must be dismissed because Defendants do not assert the necessary elements. First, Defendants do not allege that the advertisements were introduced into interstate

6

commerce, rather, Defendants allege "Tang operated business solely from his parents' condominium in Farmington Hills, Michigan." [Amended Answer, ¶95]. Second, Defendants do not adequately allege harm suffered as a result of the allegedly false advertising. Defendants merely state that "Defendants were harmed by Plaintiff Sam Tang's false and misleading advertisements." [Amended Answer, ¶97]. This is insufficient under *Twombly, supra*, to adequately allege harm because it does nothing more than recite the elements of the claim. *Twombly*, 127 S.Ct. at 1965. Further, in Defendants' Response, Defendants contend "by detrimentally relying upon the false claims of Plaintiff as to the size and scope of his business, Defendants were induced to hire Plaintiff and contract for the very photo shoot which led to this litigation by the Plaintiff." [Response, p.9]. If this is intended to be a statement of how Defendants were harmed by the allegedly false advertising, it is insufficient to state a claim. There is no causal link between the allegedly false statements regarding wether Plaintiff has offices outside of Michigan, and the fact that the contract eventually resulted in litigation.

Accordingly, Plaintiff is entitled to dismissal of Counterclaim VIII.

### E. Counterclaim IX - False Advertising in Violation of MCL § 445.356 and MCL § 750.33

For the reasons stated above, Defendants fail to state a claim of false advertising because they do not allege causation.

Counterclaim IX is dismissed.

### F. Counterclaim X - Civil Extortion

Defendants allege a claim of "civil extortion" against Plaintiff apparently based on Plaintiff's attempts to obtain money from Defendant in excess of the contract between the

parties. [Amended Answer, ¶103]. Defendant asserts that Plaintiff offered to dismiss the pending criminal case against Defendant Putruss in exchange for money. [Amended Answer, ¶103].

It is unclear whether Michigan recognizes a civil claim for extortion. Defendants do not direct the court to any statute or other authority that supports their alleged claim for civil extortion. The criminal statute for extortion reads:

> MALICIOUS THREATS TO EXTORT MONEY - Any person who shall, either orally or by a written or printed communication, maliciously threaten to accuse another of any crime or offense, or shall orally or by any written or printed communication maliciously threaten any injury to the person or property or mother, father, husband, wife or child of another with intent thereby to extort money or any pecuniary advantage whatever, or with intent to compel the person so threatened to do or refrain from doing any act against his will, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 20 years or by a fine of not more than 10,000 dollars.

MCL § 750.213. The criminal statute does not provide for a civil remedy.

Because Defendants fail to allege and provide authority for its claim of civil extortion under Michigan law, Plaintiff is entitled to dismissal.

### G. Subject Matter Jurisdiction

Without reference to authority, Plaintiff contends that if Counterclaims VIII and XI are dismissed, the court will lack jurisdiction over the related state law Counterclaims V-VII, IX and XII. Plaintiff's argument is without authority and unavailing. Defendants have pled federal counterclaims, thus, the court may exercise supplemental jurisdiction. 28 U.S.C. § 1367.

### H. Attorney Fees

Plaintiff contends that Defendants are "vexatiously complicating the present litigation by presenting numerous ill founded claims." [Motion, p.9]. Plaintiff requests the court award him attorney fees incurred in connection with the instant Motion to dismiss.

There are two basis for awarding attorney's fees in these circumstances. Plaintiff does not specify on what authority it seeks attorneys' fees. An award of attorney's fees under both the Court's inherent powers and under 28 USC § 1927 are within the sound discretion of the Court. *Jones v. Continental Corporation*, 789 F.2d 1225, 1229 (6th Cir. 1986).

### 1. Inherent Powers

A district court may award attorney's fees against counsel or a party under its inherent powers upon a finding that an attorney "willfully abused judicial processes" by conduct "tantamount to bad faith." *Jones*, 789 F.2d at 1229 (*citing Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-766 (1980).

Of the twelve counterclaims asserted by Defendants in their Amended Answer, three were not challenged by Plaintiff as part of this Motion. Defendants voluntarily dismissed two of the nine counterclaims challenged by Plaintiff. In this Order, the court dismisses the seven remaining counterclaims. In sum, of the twelve counterclaims asserted by Defendants, only the three not challenged in this Motion remain. The claims that were dismissed by this court were unfounded and bordered on frivolous. Accordingly, the Court would be justified in awarding attorney fees under its inherent powers.

### 2. 28 USC § 1927

In addition, there is an alternate standard by which the Court could, in its discretion, award attorney's fees.

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 USC § 1927.

Under § 1927, the Court may award attorney's fees against an attorney only. It does not give the Court authority to award attorney's fees against a party. Therefore the actions of Defendants are not properly considered. The standard for awarding fees under § 1927 is less stringent than under the Court's inherent powers because a finding of bad faith is not necessary. *Jones*, 789 F.2d at 1230. Fees may be awarded "when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct litigation of nonfrivolous claims, a trial court does not err by assessing fees attributable to such actions against the attorney." *Id*.

The Amended Answer filed by Defendants in this case falls squarely within § 1927. The litany of claims asserted against Plaintiff appear to be vexatious and were for the large part, completely unfounded. Further, an award of fees under this statute does not require a finding of bad faith, it merely requires that the attorney knew or should have known that the claims asserted were frivolous.

Accordingly, the Court awards Plaintiff the attorney fees incurred in preparing the instant Motion to dismiss and Reply brief, pursuant to § 1927.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to dismiss.

**IT IS SO ORDERED.**

                                                    **S/Sean F. Cox**
                                                    **Sean F. Cox**
                                                    **United States District Judge**

**Dated: October 5, 2007**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM TANG,

    Plaintiff,

v.

HEKMAT HANNA PUTRUSS, et al.,

    Defendants.

Case No. 06-12624
Hon. Sean F. Cox

_____

## PROOF OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 5, 2007, by electronic and/or ordinary mail.

    S/Jennifer Hernandez
    Case Manager