UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM TANG,

        Plaintiff,

v.                                                      Case No. 06-12624
                                                      Hon. Sean F. Cox

HEKMAT HANNA PUTRUSS, et al.,

        Defendants.

_____

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to enforce settlement agreement. The parties have briefed the issues. Pursuant to E.D.Mich. LR 7.1, the Court declines to hold a hearing. For the following reasons, the Court **DENIES** Defendants' Motion to enforce settlement agreement.

### I. BACKGROUND

This action arises out of alleged copyright infringement. Plaintiff, Sam Tang, is a photographer doing business as Tang Productions. Defendant Hekmat Putruss is the principal of Maria's Collection, Inc., which sells designer dresses and clothing throughout the United States. Defendant Pageantry publishes a trade magazine circulated in Michigan.

On August 4, 2005, Plaintiff and Defendant Putruss met to discuss a photo shoot for Defendant Maria's Collection's new line of dresses. According to Plaintiff, each photo used by Defendant would show a credit to Plaintiff as the photographer. Plaintiff claims that as part of the agreement, Defendants would pay a deposit to Plaintiff up front, with the remaining balance

1

due when the images were delivered. Plaintiff alleges that after the balance was paid, he was going to issue a license for Defendants to publicly display his images. The parties allegedly agreed that Plaintiff would be paid $4000.00. Plaintiff was given a deposit of $2000.00

The photo shoot occurred on August 7, 2005. During the photo shoot, more images and dresses were used than originally anticipated. According to Plaintiff, the agreement provided for additional fees for the additional hours and dresses. Plaintiff told Defendant he owed him $5050.00.

Plaintiff sent his associates Norman Estigoy and Art Lokar to pick up the remaining balance and give the images to Defendants two days after the photo shoot. According to Plaintiff, Defendant Putruss refused to pay and forcibly took the images which were stored on DVD's. Defendant Putruss was charged with assault and battery against Lokar. He pled no contest.

During the pendency of the criminal case, Defendant claims he and Plaintiff reached a settlement agreement. Defendant asserts that his attorney in the criminal matter, James Burdick, struck an agreement with Plaintiff's counsel, Alexander Kuhne, whereby Plaintiff would forego filing civil claims against Defendant Putruss, and would sign a notice of settlement for submission to the criminal court, in exchange for payment of $5050.00. Plaintiff asserts that he was only consulting with Khune regarding potential testimony in Putruss' criminal matter; Plaintiff denies Khune had authority to enter into such an agreement. Nonetheless, Defendant alleges that two certified checks totaling $5050.00 were prepared, per the settlement agreement. However, according to Defendant, Plaintiff refused to sign the Notice of Settlement that was to be filed with the criminal court, and later instituted a civil action. Defendant now seeks

enforcement of the alleged settlement agreement.

Prior to filing a civil action, Plaintiff registered the images with the U.S. Copyright office, the registration became effective on August 18, 2005. Plaintiff asserts that Defendants publicly displayed his images, without credit to Plaintiff as the photographer. Allegedly, Plaintiff informed Defendant Pageantry that the images were not licensed to Defendant and could not be displayed. Nonetheless, Defendant Pageantry reproduced one of the copyrighted images in its Winter 2005 issue.

On June 14, 2006 Plaintiff filed a Complaint. A First Amended Complaint was filed on September 29, 2006, alleging copyright infringement. Defendants Putruss and Maria's Collection filed an Answer on October 19, 2006. An Amended Answer was filed March 19, 2007. Defendants Putruss and Maria's collection allege several counter claims seeking various forms of relief: (1) declaratory judgment that the copyright registration is invalid; (2) declaratory judgment that Defendant's are a joint owner of any copyrights of the photo images if valid; (3) seeking an accounting of any profits derived from the copyrights; (4) breach of contract and duty of good faith and fair dealing; (5) tortious interference with a business relationship (Pageantry); (6) tortious interference with a business relationship (John Kelvin); (7) violation of the Michigan Consumer Protection Act; (8) false advertising under the Lanham Act; (9) false advertising in violation of Michigan law; (10) civil extortion; (11) violation of 18 U.S.C. § 1962; and (12) violation of MCL § 750.159.

## II.  ANALYSIS

Until now, Defendants have not sought enforcement of a settlement agreement. Both parties have different counsel from when the alleged settlement agreement was made.

Defendant's current counsel contends he only became aware of the settlement agreement through discovery. Plaintiff denies he accepted the proposed settlement. Further, Plaintiff argues that a settlement agreement made prior to instituting an action is not enforceable, although he does not cite authority. Plaintiff also states that the attorney who allegedly made the agreement on behalf of Plaintiff, Khune, was deposed and he claims that he turned aside attempts to negotiate. In addition, Plaintiff argues that even if the agreement offered by Defendant were enforced, it would not release Defendant from the copyright infringement claims based on infringement that occurred prior to entering the agreement. And, Plaintiff claims that Defendant Pageantry would not be released. Defendant disagrees and contends that if the alleged agreement were enforced, Defendant would have had a license to allow others to use the images and copyright infringement claims would not be sustainable.

"It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them. A federal court possess this power even if that agreement has not been reduced to writing." *Brock v. Scheuner Corporation*, 841 F.2d 151, 154 (6th Cir. 1988)(citations omitted). "Before enforcing settlement, the district court must conclude that agreement has been reached on all material terms." *Id*. "The court must enforce the settlement as agreed to by the parties and is not permitted to alter the terms of the agreement." *Id*. Further, it is inappropriate for a court to enforce a term not discussed by the parties. *Id*. at 154-155.

In order to establish a "meeting of the minds," the court must rely on objective, rather than subjective, manifestations of intent. *Therma-Scan, Inc. v. Thermoscan, Inc*., 217 F.3d 414, 420 (6th Cir. 2000). "The presence of an ambiguous material term may indicate that no meeting

4

of the minds occurred when the document was signed." *Id*. (citing *Local Motion, Inc. v. Niescher*, 105 F.3d 1278, 1280 (9th Cir. 1997)). "Ordinarily, an evidentiary hearing is required where facts material to an agreement are disputed." *RE/MAX International, Inc. v. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir. 2001). "However, no evidentiary hearing is required where an agreement is clear and unambiguous and no issue of fact is present." *Id*.

No evidentiary hearing is required here because Defendants do not demonstrate that there was a meeting of the minds, even in light of the affidavit submitted as Exhibit C. In the affidavit, Defendant Putruss' counsel in the legal matter, Burdick, avers that Plaintiff's counsel, Kuhne, accepted the offer, which triggered him to send "a draft settlement document as well as copies of bank checks totaling $5,050.00." [Motion, Exhibit C, p.2]. However, the draft settlement document submitted to Plaintiff's counsel makes clear that Plaintiff had not accepted the offer, and Kuhne was awaiting Plaintiff's approval. Moreover, it also makes clear that Defendant's counsel knew that although Kuhne recommended settlement to Plaintiff, Plaintiff had not yet agreed. The fax sent to Kuhne states:

> This will reconfirm our several phone conversations over the last month regarding the fact that Mr. Putress [sic] remains very anxious to pay Mr. Tang, your client, the remaining $5,050.00 owed according to Mr. Tang's final statement. Enclosed is a copy of the two cashier's checks I have been holding since then made payable to Mr. Tang, **awaiting your advice that he is prepared to execute the attached settlement document and receive the payment**. I know you have been in contact with him and **have recommended the process**, and we are eager to conclude it as well. Thank you for your attention.

[Motion, Exhibit A of Exhibit C](emphasis added). It is undisputed that Plaintiff declined to sign the proposed settlement agreement.

Accordingly, the Court declines to enforce the alleged settlement agreement. Even accepting the evidence submitted by Defendants as true, there is no indication that the settlement

5

agreement was ever accepted by Plaintiff, or that Defendants believed it had been.

## III.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion to enforce settlement agreement.

**IT IS SO ORDERED.**

        **S/Sean F. Cox**
        **Sean F. Cox**
        **United States District Judge**

**Dated:  October 5, 2007**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on October 5, 2007, by electronic and/or ordinary mail.**

        **S/Jennifer Hernandez**
        **Case Manager**